**Kou Lo VANG, Petitioner—Appellant,**

v.

**State of NEVADA; Attorney General, Respondents—Appellees.**

No. 04–17090.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 9, 2005.

Decided Aug. 22, 2005.

Michael K. Powell, Esq., Cynthia S. Hahn, Esq., FPDNV—Federal Public Defender's Office, Reno, NV, for Petitioner–Appellant.

Victor Hugo Schulze, II, Esq., AGNV—Office of the Nevada Attorney General, Las Vegas, NV, for Respondents–Appellees.

Before: PREGERSON, KLEINFELD, and HAWKINS, Circuit Judges.

## MEMORANDUM *

We affirm the district court's denial of Kou Lo Vang's ("Vang's") petition for writ of habeas corpus, in light of the deference we afford state courts under the Anti–Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d)(1),(2), and the particular facts of this case (including but not limited to Vang's employment as a translator, his ability to critique the Lao–English translation during the preliminary hearing and one witness's testimony, and his attorney's inability to point to any specific exchange where a translator's presence would have had a substantive impact on the trial).

■ As to Vang's chief claim, the state trial court's determination that Vang did not need a translator to communicate in and comprehend English was not an unreasonable determination of the facts in light of the state court record. *Cf. United States v. Mayans*, 17 F.3d 1174, 1179–81 (9th Cir.1994). The trial court observed Vang for a day and a half before removing the interpreter, and invited Vang's counsel to demonstrate need. Moreover, while Vang's testimony (particularly his grammar) was not flawless, it was both responsive and communicative. Last, the trial court expressly acknowledged that it would reconsider the need for an interpreter if one appeared necessary.

■ Neither does Vang prevail on his other claims. The prosecutor's comments about Hmong culture did not "so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process," under *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (internal quotations omitted). Vang did not demonstrate that he received ineffective assistance, either by trial or appellate counsel, as he failed to demonstrate prejudice. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Vang waived his claims relating to the allegedly defective information and allegedly flawed voir dire process by failing to argue them in his opening brief, *see Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir.1990). Vang's claim regarding excluded evidence fails under *Chia v. Cambra*, 360 F.3d 997, 1003–04 (9th Cir.2004).

Based on the foregoing, it was not error for the district court to decline to hold an evidentiary hearing, or to deny the writ.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.